UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RICHARD DROPIK** | **CASE NO. 2:23-CV-01178** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **U S A A CASUALTY INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Rule 12(b)(5) Motion to Dismiss Based on Insufficiency of Service of Process" (Doc. 9), wherein Defendant USAA Casualty Insurance Company ("USAA"), moves to dismiss the instant lawsuit without prejudice.

## INTRODUCTION

The instant lawsuit involves property damage to Plaintiff's home allegedly caused by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively. Plaintiff alleges that Defendant, USAA, the insurer of the property, failed to adequately and timely compensate Plaintiff for covered losses.

## RULE 12(B)(5)

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4, or was not properly served in the appropriate manner." *Thomas v. New Leaders for New Schools,* 278 F.D.R. 347, 349-50, 2011 WL 6329865 (E.D. La. 2011). When the validity of the service of process is challenged, the party who requested the service has the burden of proving that service was valid. *Holly v. Metropolitan Transit Authority*, 213 Fed. Appx.

343, 344 (5th Cir. 2007). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Id.*

Service of Process on a corporation is governed by Federal Rule of Civil Procedure 4(h), which reads as follows:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…

Additionally, Rule 4(e)(1) allows for service "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Louisiana law provides that "service of process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process" and that "personal service is made when a proper officer tenders the citation or other process to the person to be served." Louisiana Code of Civil Procedure Articles 1232 and 1261. In the instant case, the Louisiana Secretary of State is the proper agent authorized to receive service on behalf of USAA CIC. However, the manner in which Plaintiff attempted to effect service upon USAA CIC through the Louisiana Secretary of State was improper. Delivery upon the Louisiana Secretary of State by certified mail does not equate to personal service under Louisiana law or under Rule 4(h)(1), because mailing a complaint does not constitute "delivery" under Federal Rule of Civil Procedure 4. Instead,

"delivering" as used in Federal Rule of Civil Procedure 4 requires personal delivery, not mailing. *Gilliam v. County of Tarrant*, 94 Fed. Appx. 230, 230 (5th Cir. 2004) ("the use of certified mail is not sufficient to constitute 'delivering' under Rule 4"); *Larsen v. Mayo Medical Center*, 218 F.3d 863, 867-868 (8th Cir. 2000); *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993). As such, it is abundantly clear that Rule 4(h)(1) does not provide for service of process upon corporations by mail as a matter of federal procedure. *Pellerin-Mayfield v. Goodwill Industries*, 2003 WL 21474649, *1 (E.D. La. 2003); *Bass v. Aeneas Williams Dealership*, 2006 WL 2038021, *1 (W.D. La. 2003). Notably, while Rule 4(h)(1)(B) does reference the mailing of a copy of summons and complaint to defendants, a reading of the entire rule clearly shows that such mailing be in addition to the required "delivery" of same. *Pellerin-Mayfield*, 2003 WL 21474649 at *1.

Here, Plaintiff failed to effect service by delivery of the Summons and Complaint to the Louisiana Secretary of State. On December 7, 2023, the clerk provided notice to counsel that "service within the State of Louisiana cannot be effected through certified mail."[1] As such, Plaintiff has failed to comply with Rule 4(h)(1). Additionally, Plaintiff has failed to respond to the USAA's Motion to Dismiss or request an extension of time to effect proper service. Plaintiff filed this lawsuit on August 29, 2023, and Plaintiff has had ample time to effect service. The Court finds that Plaintiff's failure to comply with Rule 4 is fatal.

---

[1] See Notice of Corrective Action to Courtney Bradford Smith on behalf of Richard Dropik.

## CONCLUSION

For the reasons explained herein, the Court will grant USAA's Motion to Dismiss Based on Insufficiency of Service of Process (Doc. 9) and dismiss this lawsuit, without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5) and Local Rule 41.3(A).[2]

**THUS DONE AND SIGNED** in Chambers on this 27th day of March, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Local Civil Rule 41.3 provides that: "A civil action may be dismissed by the clerk of court or any judge of this court for lack of prosecution ... [w]here no service of process has been made within 90 days after filing of the complaint;"